UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Crystal Weaver Brown for KMM and KMM, | ) ) ) | C/A No. 5:15-cv-00320-KDW |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | (*Partial Summary Dismissal*) |
| Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

This is a social security case filed by a pro se litigant proceeding *in forma pauperis*. Plaintiff consented to have the undersigned Magistrate Judge preside over all aspects of this case. ECF No. 25. Because this case was filed pro se and because Plaintiff is proceeding *in forma pauperis*, ECF No. 3, the court is required by 28 U.S.C. § 1915 to conduct an initial review of the Complaint to determine whether it states plausible claims against Defendant. This Order explains the results of the initial review of Plaintiff's pro se Complaint. ECF No. 1.

I.     Factual Background

On January 23, 2015, Crystal Weaver Brown ("Plaintiff") brought this case on behalf of her minor twin sons, KMM1490 and KMM1491,[1] asking this court to review decisions of the Commissioner of Social Security denying benefits to the two minors. Compl. 5, ECF No. 1. In her answers to the Court's Special Interrogatories, Plaintiff asserts that all SSA administrative

---

[1] Under Federal Rule of Civil Procedure 5.2(a), documents submitted to or produced by this court are required to reference the names of minors by their initials and Social Security numbers by only the last four digits of the number. Because both minors' names reduce to identical initials and because the Social Security Administration ("SSA") references their claims by the claimants' Social Security numbers, this Order distinguishes each minor by his initials followed by the last four digits of his Social Security number.

1

remedies are exhausted as to each child's claim. Answers 1-2, ECF No. 19. However, review of the supporting documentation that Plaintiff submitted along with her Answers discloses that the Social Security Appeals Council is still considering the claim for one of the minor children: KMM1490. According to the letter from the Appeals Council dated March 9, 2015, it extended the time for its consideration of that claim for 25 days to permit the claimant to submit additional information. ECF No. 19-1. Insofar as KMM1491's claim is concerned, the supporting documentation discloses that the Appeals Council concluded its review of that claim on November 26, 2014 by denying review of the Administrative Law Judge's decision to deny benefits. ECF No. 19-3.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to partial summary dismissal.

III.    Discussion

As Plaintiff was informed in the Court's Special Interrogatories, in order to apply for benefits, a claimant must first submit an application to the SSA. The initial disability determination is made by a state agency acting under the authority and supervision of the Commissioner of Social Security. 42 U.S.C. §§ 421(a), 1383b(a); 20 C.F.R. §§ 404.1503, 416.903. If the state agency denies the disability claim, the claimant may pursue a three-stage administrative review process:

1. The determination is reconsidered de novo. §§ 404.909(a), 416.1409(a).

2. The claimant is next entitled to a hearing before an "ALJ". 42 U.S.C. §§ 405(b)(I), 1383(c)(I); 20 C.F.R. §§ 404.929, 416.1429.

3. The claimant may seek review by the Appeals Council. 20 C.F.R. §§ 404.967, 416.1467.

3

*See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Only when a claimant has exhausted these administrative remedies, may the claimant then seek review in federal district court. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court). Whenever a claimant files a federal court action before the SSA has issued a final decision on the claim through the completion of an unfavorable Appeals Council review, the district court should dismiss that case for failure to exhaust administrative remedies. *See, e.g.*, *Smith v. Ribicoff*, 206 F. Supp. 133, 136-37 (D.W. Va. 1962); *Widman v. Comm'r SSA*, 230 F. App'x 708, at *1 (9th Cir. 2007); *Rosa v. Sec'y Dep't HHS*, No. CIV.A.09-3742(MLC), 2009 WL 2905421, at *1 (D.N.J. Sept. 8, 2009).

The SSA-prepared documents that Plaintiff provided in support of her Answers to the Court's Special Interrogatories show that only KMM1491's claim has been fully exhausted. The Appeals Council extended its consideration of KMM1490's claim until at least April 5, 2015 (25 days after March 9, 2015), and there is nothing on file in this case showing that the Appeals Council's review has concluded. As a result, it is clear on the face of the pleadings in this case that KMM1490's claim was not fully exhausted when this case was filed. In absence of full exhaustion of administrative remedies, this court cannot review KMM1490's Social Security claim in this case.

Accordingly, the Complaint in this case is partially dismissed *without prejudice* insofar as it involves KMM1490's claim, and Defendant should only respond to Plaintiff's Complaint as far as it seeks review of KMM1491's claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. A separate Order directing the Clerk of

Court to serve the Complaint and Defendant to respond is being issued contemporaneously with this Order.

    IT IS SO ORDERED.

April 10, 2015                                                           Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge